CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SUBRENNA ROSS,                          )
                                        )
        Plaintiff,                      )
                                        )       Civil Action No. 7:14-CV-00512
v.                                      )
                                        )       **MEMORANDUM OPINION**
FRANKLIN COUNTY DEPARTMENT,             )
OF SOCIAL SERVICES, et al.,             )       By: Hon. Glen E. Conrad
                                        )       Chief United States District Judge
        Defendants.                     )

Plaintiff Subrenna Ross filed this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., against defendants Franklin County Department of Social Services (the "Department") and Franklin County Board of Public Welfare (the "Board"). The case is presently before the court on defendants' motions to dismiss. For the following reasons, the court will grant in part and deny in part the Board's motion to dismiss and will grant the Department's motion to dismiss.

## Factual Background

The following facts, taken from Ross' complaint, are accepted as true for purposes of the motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Ross is a 50-year-old African-American woman. In July of 1994, she began working for the Department as a "Fraud/Eligibility Worker." Am. Compl. ¶ 8. Ross was eventually promoted to the position of "Interim Self-Sufficiency Supervisor," a position she held until December 3, 2013, when the events giving rise to this action occurred. Id. At the time Ross held this position, she was the only African-American supervisor out of eight supervisors, and the only African-American supervisor in the history of the Department.

On October 5, 2013, Ross married her husband, who is white. When Ross returned from her honeymoon in November of 2013, Deborah Powell, the director of the Department, told Ross that she was going to be demoted and asked her to accept this demotion. Ross refused to accept the demotion. Powell then informed Ross that she would either be demoted or must resign. Ross told Powell that she would not resign. Subsequently, Powell suspended Ross for a period of time.

On December 3, 2013, Ross was demoted after receiving a Group II disciplinary notice. The position was then filled by a white female with less experience. Ross claims that she was a dedicated employee for over 20 years, was qualified for the position, and performed her job satisfactorily. In addition, Ross alleges that, since Powell began working at the Department in 2011, either Powell has fired older workers or those workers have quit. Ross also asserts that the Department now consists of younger workers with little experience.

Ross currently is a self-sufficiency worker at the Department. She states that funding is not secure for this position, thereby putting her continued employment at risk, and that she receives lower pay in this role.

On April 7, 2014, Ross filed a charge of discrimination against the Department, the County of Franklin, Virginia (the "County"), and the Virginia Department of Social Services with the Virginia Council on Human Rights ("VCHR") and the Equal Employment Opportunity Commission ("EEOC"). On June 26, 2014, Ross received a right-to-sue letter from the EEOC.

### Procedural History

Ross filed her initial complaint against the County on September 19, 2014. In that complaint, Ross alleged that the County discriminated against her on the basis of race and age, in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. She sought equitable relief, reinstatement to her supervisor position, damages for loss income and employment, damages for

2

pain and suffering, punitive and liquidated damages, and attorney's fees and costs. The County failed to respond to the complaint, and the clerk entered default against it on December 19, 2014. On December 22, 2014, Ross moved for default judgment against the County. However, before the court ruled on the motion, the County moved to set aside the clerk's entry of default on January 20, 2015, arguing that it had a meritorious defense to Ross' claims. On June 12, 2015, the court granted the County's motion and denied the motion for default judgment.

On June 25, 2015, the County moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it was not Ross' employer for purposes of Title VII and the ADEA, and that she failed to state a claim under § 1981. Ross filed a motion to amend her complaint on July 13, 2015. On September 14, 2015, the court held a hearing on both motions. After the hearing, the court granted Ross' motion to amend and took the County's motion under advisement. On September 17, 2015, Ross filed her amended complaint, which added the Department and the Board as defendants. On November 19, 2015, the court granted the County's motion to dismiss and struck the County as a defendant in the instant action.

On November 30, 2015, both the Department and the Board filed separate motions to dismiss Ross' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on March 2, 2016. The motions have now been fully briefed and are ripe for disposition.

## Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999), and must establish standing to bring the claims asserted in the complaint before the

3

court may decide the merits of such claims, <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive dismissal, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999). However, "[a]t bottom, a plaintiff must 'nudge [her] claims across the line from conceivable to plausible' to resist dismissal." <u>Wag More Dogs, LLC v. Cozart</u>, 680 F.3d 359, 364-65 (4th Cir. 2012) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 555, 570. Although a complaint need not contain detailed factual allegations, it must contain more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555.

<u>Discussion</u>

## I.     **The Board's Motion to Dismiss**

The court will first consider the Board's motion to dismiss. The Board moves to dismiss Ross' complaint on the grounds that Ross failed to exhaust her administrative remedies, her suit is time-barred, and she has failed to state a claim for discrimination under 42 U.S.C. § 1981.

### a.  **Exhaustion of Administrative Remedies**

First, the Board argues that Ross failed to exhaust her administrative remedies prior to naming it as a defendant in the instant action. Before a plaintiff may file suit under Title VII or

4

the ADEA, she is required to file a charge with the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA). The plaintiff must submit the charge of discrimination within 300 days of the alleged discriminatory act, if the charge is filed with a state deferral agency. Id. A charge is sufficient "only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005) (quoting 29 C.F.R. § 1601.12(b)). The scope of the plaintiff's right to file a federal lawsuit is determined by the contents of the charge. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002).

Here, the Board acknowledges that Ross timely filed her charge of discrimination with the EEOC and the VCHR on April 7, 2014. However, it is undisputed that Ross did not name the Board as a discriminating party in the charge. Therefore, the Board contends that Ross has failed to exhaust her administrative remedies and, thus, her claims against it must be dismissed as the court does not have subject-matter jurisdiction over them. Jones, 551 F.3d at 300 ("Importantly, a failure by the plaintiff to exhaust administrative remedies … deprives the federal courts of subject matter jurisdiction over the claim.").

The court believes that Ross has exhausted her administrative remedies because there is substantial identity between the Board and the parties named in the charge of discrimination. Ordinarily, a party not named in the charge of discrimination may not be subsequently sued for alleged discrimination. Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll., 848 F.2d 457, 458 (4th Cir. 1988). However, because a charge of discrimination is generally completed by a lay person, "courts routinely construe this naming requirement liberally." Kouri v. Todd, 743 F. Supp. 448, 451 (E.D. Va. 1990). One exception to the naming requirement is when the parties named in the charge of discrimination and those later sued have the same substantial identity.

5

EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1186 n. 5 (4th Cir. 1981), cert. denied, 459 U.S. 923 (1982) ("[W]here there is substantial, if not complete identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of [the statute] to deny jurisdiction."). When determining whether there is a substantial identity between the two parties, the following factors are relevant:

> (1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint; (2) whether under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that his relationship with the complainant is to be through the named party.

Stafford v. Radford Cmty. Hosp., Inc., 908 F. Supp. 1369, 1373 (W.D. Va. 1995) (Wilson, J.), aff'd, 120 F.3d 262 (4th Cir. 1997).

Applying these factors, the court concludes that the Board has the same substantial identity as the parties named in the charge of discrimination, namely the Department. As to the first factor, Ross noted in her charge the she was unsure of the precise legal name for her employer. Explained more fully below, Virginia has a complicated scheme for the administration of its social services. Therefore, the court does not believe that Ross could have ascertained the role of the Board when she filed her charge. As to the second factor, local boards of social services oversee the local departments of social services in Virginia. As such, the Board's and the Department's interests are aligned. Courts have similarly found that a corporation and its board of directors had the same substantial identity. See, e.g., Nicol v. Imagematrix, 767 F.Supp. 744, 751 (E.D. Va. 1991); Mayo v. Questech, Inc., 727 F. Supp. 1007, 1011 (E.D. Va. 1989). As

6

to the third factor, the court is not persuaded that the Board suffered actual prejudice by not being named in the charge of discrimination. Powell filed a position statement in response to the charge. As such, the court believes that the Board likely had notice of the administrative proceedings, as they oversee both the Department and Powell, the director of the Department. Furthermore, defense counsel represents both the Department and the Board. Finally, Ross received her right-to-sue letter before any formal conciliation efforts took place. Thus, failure to name the Board in the charge of discrimination "played no role in denying them the opportunity to participate in the conciliation process." Nicol, 767 F. Supp. at 752. As to the fourth factor, the court does not believe that the Board ever represented to Ross that its relationship with her was through one of the named parties. In sum, because there is substantial identity between the Board and the Department, the court concludes that Ross has exhausted her administrative remedies for purposes of her Title VII and ADEA claims against the Board.

b. **Timeliness of Ross' Claims**

Even if the court finds that Ross has exhausted her administrative remedies, the Board next argues that Ross' complaint is time-barred. In general, if the EEOC decides not to pursue the claims brought in a charge of discrimination, it will issue a right-to-sue letter to the claimant. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). A person who receives a right-to-sue letter from the EEOC must file suit against the respondent named in the charge within 90 days after the date of receipt of such letter. Id.; see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). The 90-day filing requirement applicable to claims under Title VII and the ADEA is to be "strictly construed." Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009) (Conrad, J.). In the absence of waiver, estoppel, or equitable tolling, "a lawsuit filed in excess of the 90-day period will be dismissed."

7

_Panyanouvong v. Vienna Wolftrap Hotel_, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007).

In this case, Ross received her right-to-sue letter from the EEOC on June 26, 2014. She filed the instant action, naming the County as the sole defendant, on September 19, 2014, which was 85 days after she received her right-to-sue letter. However, the Board was not named as a defendant in this case until Ross filed her amended complaint on September 17, 2015, which is clearly beyond the 90-day period. Therefore, the Board contends that Ross's claims under Title VII and the ADEA are time-barred.

The court, however, believes that the amended complaint relates back to the date of the original complaint. Under Rule 15 of the Federal Rules of Civil Procedure, an amended complaint naming a new party will relate back if three conditions are met: "(1) the claim asserted in the amended pleading arise out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against them, the parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them." _Bruce v. Smith_, 581 F. Supp. 902, 905 (W.D. Va. 1984) (Kiser, J.). The rationale behind Rule 15 is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. _Baldwin County Welcome Ctr. v. Brown_, 466 U.S. 147, 150 n.3 (1984).

Here, as to the first condition, there is no dispute that the claims in the original complaint and the amended complaint arise out of the same transaction or occurrence. As to the second condition, the court believes that the Board had notice of the action because Ross personally served the initial complaint on Powell, who was supervised by the Board at the time, on October

8

13, 2014. The Board also oversees the Department, who concedes that it also had notice of the instant action. In addition, both the County and the Board are represented by the same attorneys, which this court has found to be a substantial factor in favor of relating the date of the amended complaint back to the date of the original complaint. Bruce, 581 F. Supp. at 907 (discussing other Rule 15(c) cases and finding that "[t]he critical difference between these cases and our situation is that both district courts based their decisions on a fact not present in the instant case, namely ongoing representation of original and additional defendants at all times from the institution of the suit by the same attorney"). As such, the court is not persuaded that the Board was "caught by surprise when the complaint was amended." Goodman v. Praxair, Inc., 494 F.3d 458, 474 (4th Cir. 2007). It was apparent in the original complaint that Ross intended to sue the entity that employs both her and Powell. Id. (finding that the added defendant had adequate notice when "the complaint made conceptually clear that it was suing the corporate entity" that was the successor of another corporation and that the added defendant "knew, better than anyone, which corporate entity that was").

Finally, as to the third condition, the court believes that Ross mistakenly believed that the County was her employer at the time she filed her initial complaint. This case is distinguishable from those where the plaintiff lacked knowledge as to the proper defendant and strategically chose to name a certain entity in order to file the complaint prior to the expiration of the statute of limitations. See Locklear v. Bergman & Beving AB, 457 F.3d 363, 367 (4th Cir. 2006) (noting that the plaintiff admitted that it "lacked the requisite knowledge of the machine's manufacturer until eight months after the filing of the original complaint and six months after the statute of limitations expired"). The Fourth Circuit has previously noted that "[t]he Commonwealth of Virginia has established a complicated scheme for administering its social services programs."

9

Bockes v. Fields, 999 F.2d 788, 789 (4th Cir. 1993). In a similar case, this court found that the plaintiff was mistaken when he sued Buchanan County Sheriff's Office, rather than the Sheriff himself, who was the policymaker and responsible official at the office. Justus ex rel. Estate of Justus v. County of Buchanan, 498 F. Supp. 2d 883, 886 (W.D. Va. 2007) (Jones, J.). This court noted that, "[t]he question is not the reason for that mistake, but whether [the Sheriff] would have reasonably relied on the statute of limitations for repose." Id. This court ultimately concluded that the Sheriff reasonably should have known that he was the proper party to the lawsuit. Id. Here, Ross' complaint alleges that Powell, who was appointed by and serves under the Board's direction, discriminated against Ross because of her race and age. See Va. Code Ann. § 63.2-326 (providing that social services employees "serve at the pleasure of the local board"). As such, the court believes that the Board reasonably should have known that it was a proper party in the instant case but for Ross' mistake in naming the County as the sole defendant in her original complaint.

In sum, the court concludes that the amended complaint, naming the Board as a defendant, relates back to the filing of the original complaint. Accordingly, Ross' Title VII and ADEA claims are not time-barred as the original complaint was filed within 90 days after Ross received her right-to-sue letter from the EEOC.

Accordingly, as the court believes that it has subject-matter jurisdiction over Ross' Title VII and ADEA claims, and that such claims are not time-barred, the Board's motion to dismiss will be denied with respect to these claims.

### c. Ross' Failure to State a Claim

Finally, the Board argues that Ross' claim under 42 U.S.C. § 1981 should be dismissed because she has failed to state a claim for relief against it.

In the instant action, when deciding the motion to dismiss filed by the County, this court previously determined that § 1983 is the exclusive remedy for violation of the rights guaranteed in § 1981. Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (quoting Jett v. Dallas Independent School District, 492 U.S. 701, 733 (1989)). The court noted that "the § 1983 requirement that plaintiffs show an official policy or custom of discrimination also controls in § 1981 actions against state entities." Id. (citing Jett, 491 U.S. at 735-36); see also Lewis v. Robeson Cty., 63 F. App'x 134, 138 (4th Cir. 2003) (holding that plaintiff's § 1981 claim fails because she did not show an official policy or custom of discrimination under § 1983); Farmer v. Ramsay, 43 F. App'x 547, 553 n.8 (4th Cir. 2002) (affirming the grant of summary judgment on plaintiff's § 1983 claim and holding that plaintiff had no independent § 1981 claim).

Similarly, the court concludes that Ross's amended complaint does not contain sufficient facts to show that Powell discriminated against Ross pursuant to any official policy or custom that could be attributed to the Board. Again, the amended complaint merely alleges that Powell, since she began working at the Department, either fired older workers or those workers have resigned. This allegation is insufficient to make out a plausible claim that the Board had an official policy or custom of discrimination to satisfy § 1983. Because § 1983 is the exclusive remedy for a § 1981 violation, Ross' claim against the County under § 1981 also fails. Accordingly, the Board's motion to dismiss will be granted with respect to Ross' § 1981 claim.

## II:    **The Department's Motion to Dismiss**

The court next considers the Department's motion to dismiss. The Department argues that Ross' claims against it should be dismissed because it does not have the capacity to be sued,

11

Ross' claims are time-barred, and Ross has failed to state a claim under § 1981.[1]

### a. **The Department's Capacity to Be Sued**

The Department moves for dismissal of the claims against it because it is <u>non sui juris</u>, meaning it does not have the capacity to be sued. Under Rule 17 of the Federal Rules of Civil Procedure, the capacity to be sued, where the party is not an individual or a corporation, must be determined by the laws of the state. Fed. R. Civ. P. 17(b)(3). In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. <u>Muniz v. Fairfax County Police Dep't.</u>, No. 1:05-cv-00446, 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005).

Although the court is not aware of any cases in this Circuit which have considered this inquiry with respect to a local department of social services,[2] the court finds the cases cited by the Department to be persuasive. For example, in <u>Davis v. City of Portsmouth, Virginia</u>, the plaintiff sued the Portsmouth Economic Development Department and the Portsmouth Planning Commission, arguing that their plan to develop the downtown area of the City of Portsmouth was designed to discriminate against black residents. 579 F. Supp. 1205, 1208 (E.D. Va. 1983), <u>aff'd</u>, 742 F.2d 1448 (4th Cir. 1984). In deciding whether the agencies were proper defendants in the matter, the district court found that the City of Portsmouth had the authority under state law to create both the Portsmouth Economic Development Department and Portsmouth Planning Commission, as well as determine their powers and duties. <u>Id.</u> at 1210. However, because neither entity had the capacity to be sued under either state or local mandate, the district court

---

[1]    As the court concludes that the Department does not have the capacity to be sued and must be dismissed as a defendant, it will only address the Department's first argument. However, the court believes that it would decide the Department's other two arguments similarly to the same ones set forth in the Board's motion.

[2]    In <u>Gedrich v. Fairfax County Department of Family Services</u>, the court granted the defendant's motion to dismiss based on its lack of capacity to be sued. 282 F. Supp. 2d 439, 456 (E.D. Va. 2003). However, the court did not articulate its reasons for doing so but, instead, cited to those stated during the hearing on the motion. Order, <u>Gedrich v. Fairfax Cty. Dep't of Family Servs.</u> No. 1:02-cv-1708 (E.D. Va. May 9, 2003) (ECF No. 77).

dismissed them as parties. Id.

In the instant case, the Department argues that it is an operating division governed by the Board (a governmental entity), and that the Virginia legislature has not vested the Department with the capacity to be sued. The court is constrained to agree. The Virginia Code requires each county and city to establish a local board of social services to administer state-mandated regulations. Va. Code Ann. §§ 15.2-823, 63.2-300, 63.2-302, 63.2-313. In addition, Virginia law provides that "[t]here shall be a local department of social services for each county or city under the supervision and management of a local director." Id. § 63.2-324. The local board of social services appoints and supervises this local director. Id. §§ 63.2-325, 63.2-332. The local director shall have the powers and perform the duties as outlined in the Virginia Code and other provisions of law. Id. § 63.2-332. Therefore, it is clear that Franklin County had the authority— and, in fact, was required—to create the Department.

Ross has not identified any state or local provision that gives the Department the capacity to sue or be sued. Instead, Ross cites to the case of Kincaid v. Anderson, in which this court considered whether sovereign immunity barred claims against the Russell County Department of Social Services and the Board of the Russell County Department of Social Services. No. 1:14-cv-27, 2015 WL 3546066, at *2-4 (W.D. Va. June 8, 2015) (Jones, J.). Because Title VII abrogated sovereign immunity, this court held that the plaintiff's Title VII claims could not be dismissed on that basis. Id. at *4. This court did not determine whether the Russell County Department of Social Services had the capacity to be sued, as that issue was not raised in defendants' motion to dismiss. Accordingly, the court finds Kincaid to be distinguishable from the instant case.

Overall, the court believes that the Department does not have a legal existence that is separate and apart from Franklin County or the Commonwealth of Virginia. See Whitlock v.

13

Street, No. 3:12CV95, 2012 WL 3686434, at *5 (E.D. Va. Aug. 24, 2012) ("As an established administrative department of Chesterfield County, the Mental Health Department possesses no capacity to sue or be sued."); see also 56 Am. Jur. 2d Municipal Corporations, Etc. § 736 (2016) ("Among subordinate [entities of municipalities] generally lacking the capacity to sue or be sued separately are ... departments of social services[.]"). Whether the Department is a subordinate entity of Franklin County or an arm of the state,[3] the court believes that it constitutes an "operating division of a governmental entity" and, thus, does not have the capacity to be sued absent statutory authority. As the court is not aware of any local or state mandate that gives local departments of social services the capacity to be sued, it concludes that Ross cannot maintain her action against the Department. Accordingly, the Department's motion to dismiss will be granted, and the Department will be dismissed as a defendant in this case.

## Conclusion

For the foregoing reasons, the Board's motion will be denied with respect to Ross' Title VII and ADEA claims, but will be granted with respect to her § 1981 claims. Furthermore, the Department's motion will be granted, as the court believes that it does not have the capacity to be sued. Thus, the Department will be dismissed as a defendant in this case.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 11th day of May, 2016.

_____
Chief United States District Judge

---

[3] The court recognizes that it has previously found that local departments of social services were arms of the state for purposes of sovereign immunity, at least in their role in protecting children. See, e.g., Bell v. Charlottesville Dep't of Child Protective Servs., No. 3:15CV00031, 2015 WL 5316769, at *3 (W.D. Va. Sept. 11, 2015) (Conrad, J.); Nelson v. Herrick, No. 3:11-CV-00014, 2011 WL 5075649, at *11 (W.D. Va. Oct. 26, 2011) (Moon, J.).